```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
KAWS, INC.,                                                        :
                                                                   :
                              Plaintiff,                           :
                                                                   :    23 Civ. 415 (JPC)
             -v-                                                   :
                                                                   :    ORDER TO SHOW CAUSE
The Individuals, Corporations, Limited Liability                   :    FOR PRELIMINARY
Companies, Partnerships, and Unincorporated                        :    INJUNCTION AND
Associations Identified on Schedule A to the Complaint,            :    TEMPORARY
                                                                   :    RESTRAINING ORDER
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court having considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of Gen Watanabe and Nathan Monroe-Yavneh, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in **Schedule A** attached to the Complaint ("Defendants")), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiff's copyrights covered by U.S. Copyright Registration Nos. VA 2-180-272 and VA 2-182-652 (the "KAWS Copyrights") and/or trademarks covered by U.S. Trademark Registration Nos. 6,046,763, 6,047,656, 6,102,259, 6,102,260, and 6,116,823 (the "KAWS Trademarks");

(2) a temporary transfer of control over Defendants' online marketplace websites (the "Defendant Internet Stores," as also identified on Schedule A to the Complaint), to Plaintiff;

(3) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(4) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit Products, as well as of Defendants' financial accounts;

(5) permission to effectuate service by electronic mail and electronic publication; and

1

(6) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support to the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## **FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff is likely to prevail on its copyright infringement and trademark infringement claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

   a. Defendants have offered for the sale substandard and unauthorized Counterfeit Products bearing, using, or infringing on the KAWS Copyrights and/or the KAWS Trademarks through storefronts and accounts with online marketplace platforms including Alibaba.com, AliExpress.com, Amazon.com, DHgate.com, eBay.com, etsy.com, Redbubble.com, Walmart.com, and Wish.com (the "Marketplace Platforms") held by Defendants (the "User Account(s)").

   b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing the KAWS Copyrights and/or the KAWS Trademarks (the "KAWS Products").

   c. Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Counterfeit Products and information concerning the Counterfeit Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Counterfeit Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Counterfeit Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the KAWS Copyrights and/or the KAWS Trademarks if a temporary restraining order is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the Plaintiff's copyrights, and to protect the public from being deceived and defrauded by Defendants' passing off their Counterfeit Products as Plaintiff's KAWS Products.

5. Service of this order on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

6. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products.

Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. According to Plaintiff it typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

7. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Counterfeit Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

8. Plaintiff's request to obtain temporary control of the infringing online marketplace websites is denied. Such equitable relief may be appropriate if Defendants persist in conducting infringing activity in violation of a court order. *See Gucci America, Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 120-121 (S.D.N.Y. 2008) (declining to issue injunction transferring domain names until Defendant continued infringement in violation of court order). Plaintiffs may request this relief again if Defendants continue their infringing activities in violation of this Order.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient cause has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct for fourteen days:

a. Using the KAWS Copyrights and/or the KAWS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any Counterfeit Products;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine KAWS Product that is not, in fact, Plaintiff's KAWS Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the KAWS Copyrights and/or the KAWS Trademarks;

c. Committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing the KAWS Copyrights and/or the KAWS Trademarks and damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the KAWS Trademarks or KAWS Copyrights any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, or exercising control over the User Accounts, the Defendant Internet Stores, or any other domain

       name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

   g.  Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing any of the KAWS Copyrights and/or the KAWS Trademarks.

### Disabling of Defendant Internet Stores

2.   Within five days of receipt of this Order, the Marketplace Platforms, any domain name registry providing service to any User Account, and any other online service provider hosting or servicing a User Account are directed to:

   a.  disable and cease providing services for any User Accounts through which Defendants engage in the sale of Counterfeit Products, including any User Accounts associated with the Defendants listed on Schedule A to the Complaint;

   b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

   c.  take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

**Temporary Asset Restraint**

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets for fourteen days.

4. Within five days of receipt service of this Order, that (i) Contextlogic, Inc., (ii) PayPal, Inc., (iii) Payoneer, Inc., (iv) the Alibaba Group d/b/a Alibaba.com and Aliexpress.com, (v) Amazon Payment Systems, Inc. and Amazon.com, Inc., (vi) Ping Pong Global Solutions, Inc., (vii) eBay, Inc., (viii) Coinbase Global, Inc., (ix) LianLian Global t/as LL Pay U.S., LLC, (x) AllPay Limited, (xi) Union Mobile Financial Technology Co., Ltd, (xii) World First UK Ltd., (xiii) Paxful, Inc., (xiv) USForex, Inc. d/b/a OFX, (xv) and other payment processing service providers, including any online marketplace platform (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, for fourteen days.

5. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

**Expedited Discovery**

6. As sufficient cause has been shown, within five days of receipt of service of this Order, the Financial Institutions, including each of the Marketplace Platforms in their capacities

as online marketplace platforms, any domain name registry providing service to any User Account, and any other online service provider hosting or servicing a User Account shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

    a.    Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances regardless of the platform or institution.

    b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint.

    c.    Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

    d.    Information concerning any sales or listings of Counterfeit Products made by Defendants.

**Service by Electronic Mail and Electronic Publication**

7.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a.  Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and

Complaint, and all papers filed in support of Plaintiff's Application to Defendants' e-mail addresses as provided by the Financial Institutions.

8. Such alternative service, as set forth above, shall be made within five days of the Financial Institutions compliance with Paragraphs 3 through 6 of this Order.

9. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.

### Security Bond

10. Plaintiff shall deposit with the Court Five Thousand Dollars ($5,000.00), either cash, company check, cashier's check, or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### Sealing Order

11. Schedule A to the Complaint and Exhibit 3 to the Declaration of Gen Watanabe shall remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

12. Plaintiff shall file unsealed versions of Schedule A to the Complaint and Exhibit 3 to the Declaration of Gen Watanabe using the CM/ECF system prior to the expiration of this Order.

### Application to Vacate or Dissolve

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on February 7, 2023 at 11:30 a.m. in Courtroom 12D of 500 Pearl Street, New York, New York 10007 at which Plaintiff may present their arguments in support of their request for issuance of a preliminary injunction.  At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before February 5, 2023, at 5:00 p.m.

This Temporary Restraining Order without notice is entered at 4:00 p.m. on January 24, 2023, and shall remain in effect for fourteen days.

SO ORDERED.

Dated: January 24, 2023
      New York, New York

_____
JOHN P. CRONAN
United States District Judge