# THOITS LAW

A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL (650) 327-4200
FAX (650) 325-5572
www.thoits.com

Anna Iskikian

(650) 330-4721
aiskikian@thoits.com

February 1, 2023

<u>Via ECF Only</u>

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *KAWS, Inc. v. The Individuals, Corporations, et al.*,
    Case No. 1:23-cv-00415-JPC

Dear Judge Cronan:

  We represent plaintiff KAWS, Inc. ("Plaintiff") in the above-referenced matter. On January 25, 2023, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (the "<u>TRO</u>") granting in part Plaintiff's *ex parte* application for temporary restraints and scheduling a hearing for February 7, 2023, on Plaintiff's request for issuance of a preliminary injunction. On January 25, 2023, the Court also entered an order directing Plaintiff to make a submission regarding "Plaintiff's exercise of reasonable diligence to attempt to locate [Defendants] for service of process" by February 2, 2023. *See* Dkt. 27 ("<u>Order</u>").

  We write to inform the Court to request respectfully, with respect to all Defendants:

  1. A fourteen (14) day extension of Plaintiff's deadline to make a submission regarding Plaintiff's exercise of reasonable diligence, from February 2, 2023, to February 16, 2023;

  2. A fourteen (14) day extension of Defendants' deadline to file opposing papers to Plaintiffs' request for the issuance of a preliminary injunction, from February 5, 2023, to February 19, 2023;

  3. A fourteen (14) day adjournment of the preliminary injunction hearing, from February 7, 2023, to February 21, 2023; and

  4. An extension of the restraints imposed by the TRO until the near hearing date pursuant to Rule 65(b)(2).

  As explained in more detail below, pursuant to the TRO, Plaintiff has sought but not yet received from the marketplace platforms confirmation that the asset restraint is complete and identifying information for Defendants.

  This will be the first extension and adjournment of these dates. No defendant has appeared in this matter.

**Extension of Deadline and Adjournment of Hearing Date**

As noted in our application for the TRO, Defendants in this case are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames, through which they sell infringing products using internet storefronts and online marketplace platforms such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, RedBubble, Walmart, and Wish (together, the "Marketplace Platforms"). As a result, and to protect Plaintiff's rights, the Court authorized service of the Summons, Complaint, and TRO within five (5) days *after* the Marketplace Platforms' and other service providers' compliance with the temporary asset restraint provisions of the TRO. *See* TRO, pp. 8-9, ¶¶ 7-9.

Delaying service until after the temporary asset restraint is in effect is critical to maintain the confidentiality of this proceeding until Defendants' accounts are frozen, thereby avoiding Defendants' improper transfer and/or destruction of ill-gotten proceeds and other relevant information. Indeed, as detailed in our initial application, and as accepted by the Court in the TRO, "if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds, "and are also "likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, distributing, offering for sale, and/or sale of the Counterfeit Products." *See* TRO, pp. 3-4. At the same time, Plaintiff recognizes that service of the Complaint and TRO is essential to ensuring that Defendants have access to the full record before the preliminary injunction hearing. In that regard, the TRO also directed the third-party service providers to provide information concerning Defendants to Plaintiff, including contact information, to enable Plaintiff to effectuate service of the documents in this case. *See, e.g.*, TRO, pp. 7-8, ¶ 6.

Further, Plaintiff is currently working to identify Defendants' physical locations and determine whether any of the addresses provided by Defendants (where any address is provided at all) are true or reliable means of contacting Defendants. *See* Order, p.1. Discovery from the Marketplace Platforms regarding Defendants' contact information (*see* TRO, pp. 7-8, ¶ 6(a)) is critical to Plaintiff's investigation. Indeed, because many Defendants do not provide a public address on their internet storefronts, Plaintiff often cannot begin to determine whether a given Defendant's contact information is accurate until it has received discovery regarding that Defendant.

Plaintiff served the Marketplace Platforms with the TRO on the day it was entered, January 25, 2023. To date, however, not all of the online marketplaces or other service providers, including Alibaba, AliExpress, Amazon, RedBubble, and Wish, have (i) confirmed that the asset restraint is complete, or (ii) provided contact information for Defendants. Additionally, the public holiday of Lunar New Year, observed in the People's Republic of China from January 21, 2023 until January 27, 2023, has resulted in greater than usual delays in the processing of the TRO. While Plaintiff has promptly provided the discovery it has received from a few Marketplace Platforms to local counsel in the People's Republic of China as part of Plaintiff's efforts to locate Defendants for service of process, those efforts have been hampered to date because of the outstanding discovery owed by the several Marketplace Platforms.

In light of these circumstances, Plaintiff respectfully submits that an extension is appropriate to afford the Marketplace Platforms additional time to provide the discovery that will enable Plaintiff to complete its investigation of the Defendants' contact information and, ultimately, effect service of process. In turn, such extension will ensure Defendants can review and respond to Plaintiff's filings in a timely manner, while at the same time preserving the confidentiality of these proceedings until such time as the asset freeze occurs. Therefore, we respectfully request the Court extend Plaintiff's deadline to make a submission regarding Plaintiff's exercise of reasonable diligence, from February 2, 2023, to February 16, 2023, Defendants' deadline to respond to the TRO from February 5, 2023, to February 19, 2023, and adjourn the preliminary injunction hearing from February 7, 2023, to February 21, 2023.

### Extension of Temporary Restraint

The TRO is currently set to expire on Tuesday, February 7, 2023. *See* TRO, p. 10. If the temporary restraints dissolve before Plaintiff can be heard on its preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then be on notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

We respectfully submit that the foregoing constitutes "good cause" under Rule 65(b)(2) to extend the temporary restraints for a short period of time. Thus, to ensure that the relief provided in the TRO is not rendered moot, and to protect Plaintiff's rights pending the return date of the TRO, we respectfully request that the Court continue the relief set forth in the TRO until after the adjourned hearing date on Plaintiff's preliminary injunction application.

Defendants will not be unduly prejudiced by this request. In the first instance, Defendants have no right to engage in the infringing activity at issue. Moreover, we are requesting an adjournment of the hearing of only fourteen (14) days, giving Defendants the ability to quickly seek relief if they are so entitled.

Very truly yours,

THOITS LAW

/s/ Anna Iskikian
Anna Iskikian

The request is granted in part. The Court finds good cause to extend the Temporary Restraining Order, Dkt. 28 ("TRO"), until February 21, 2023. The preliminary injunction hearing, currently scheduled for February 7, 2023, is adjourned to February 21, 2023, at 11:00 a.m. in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. Plaintiff's deadline to file a submission, as contemplated in the Court's prior Order, *see* Dkt. 27, is adjourned to February 16, 2023. Defendants' deadline to file opposing papers is adjourned to February 17, 2023. It is further ordered that Plaintiff shall serve this Order on Defendants immediately and that service of this Order by alternative means as described in the TRO shall be deemed effective as to Defendants for the same sufficient cause shown as to the TRO. The Clerk of Court is directed to close Docket Number 29.

SO ORDERED.

February 7, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge